Robert A. McKinley
Lauletta Birnbaum LLC
591 Mantua Blvd., Suite 200
Sewell, NJ 08080
Telephone: (856) 669-2573
Facsimile: (856) 232-1601
Email: rmckinley@lauletta.com

*Attorney for Plaintiffs Berkshire*
*Properties, Inc. and Berkshire Holdings, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | | |
|---|---|---|
| BERKSHIRE PROPERTIES, INC., BERKSHIRE HOLDINGS, LLC | : : : : | |
| Plaintiffs, | : : | |
| v. | : : : | Civil Action No._____ |
| HOMESERVICES OF AMERICA, INC., BERKSHIRE HATHAWAY INC., BERKSHIRE HATHAWAY ENERGY COMPANY, HSF AFFILIATES LLC, BERKSHIRE HATHAWAY HOMESERVICES FOX & ROACH, REALTORS® (R), ABC CORPS. 1-100, | : : : : : : : : : : | **COMPLAINT** |
| | | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

Plaintiffs Berkshire Properties, Inc. and Berkshire Holdings, LLC (collectively, "Plaintiffs") by and through its undersigned counsel, bring this Complaint against Defendants HomeServices of America, Inc., Berkshire Hathaway Inc., Berkshire Hathaway Energy Company, HSF Affiliates LLC, Berkshire Hathaway HomeServices Fox & Roach, REALTORS® and ABC Corps. 1-100 (collectively, "Defendants") and allege as follows:

5065.3

## NATURE OF THE ACTION

1. This is an action for preliminary and permanent injunctive relief and damages under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; the New Jersey Trademark Act, N.J.S.A. § 56:3-13a *et seq.;* the New Jersey Consumer Fraud Act, N.J.S.A. §56:8-1 *et seq.*; and common law service mark infringement and unfair competition, and unjust enrichment.

## THE PARTIES

2. Berkshire Properties, Inc. is a Pennsylvania corporation with its principal place of business at 591 Mantua Boulevard, Sewell, NJ 08080.

3. Berkshire Holdings, LLC is a New Jersey limited liability company with its principal place of business at 591 Mantua Boulevard, Sewell, NJ 08080.

4. Upon information and belief, HomeServices of America, Inc. is a Delaware corporation with its principal place of business at 333 South 7th Street, 27th Floor, Minneapolis, MN 55402.

5. Upon information and belief, Berkshire Hathaway Inc. is a Delaware corporation with its principal place of business at 3555 Farnam Street, Omaha, NE 68131.

6. Upon information and belief, Berkshire Hathaway Energy Company is an Iowa company with its principal place of business at 666 Grand Avenue, Suite 500, Des Moines, IA 50309. Upon information and belief, HomeServices of America, Inc. is held by Berkshire Hathaway Inc.'s subsidiary, Berkshire Hathaway Energy Company.

7. Upon information and belief, HSF Affiliates LLC is a California limited liability company with its principal place of business at 18500 Von Karman Ave. #400, Irvine, CA 92612. Upon information and belief, HSF Affiliates LLC, a joint venture of which

5065.3

HomeServices of America, Inc. is the majority shareholder, operates the Berkshire Hathaway HomeServices, Prudential Real Estate and Real Living Real Estate franchise networks.

8. Upon information and belief, Berkshire Hathaway HomeServices Fox & Roach, REALTORS® is a Pennsylvania business entity with its principal place of business at 431 West Lancaster Avenue, Devon, PA 19333. Upon information and belief, Berkshire Hathaway HomeServices Fox & Roach Realtors® is a part of HomeServices of America, Inc.

9. ABC Corps. 1-100 are presently unknown subsidiaries, affiliates, parents, franchisees, dealers, successors, or predecessors of, or in any other way related to HomeServices of America, Inc. that participated in the use of the marks as described below and are liable for damages due to those actions.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331. To the extent that this cause of action also arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, jurisdiction is expressly conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a). This Court has jurisdiction pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367 over Plaintiffs' claims for trademark infringement, unfair competition and deceptive acts and practices under the laws of the State of New Jersey and common law.

11. This Court has personal jurisdiction over all of the Defendants because they do continual and ongoing business in the State of New Jersey. Defendants promote, provide, and offer their real estate brokerage services that are the subject of this Complaint through channels, as discussed below, that are accessible to consumers in this District.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants transact business in this District and/or are subject to personal jurisdiction in this District. Venue

is also proper in this District because Plaintiffs' headquarters are in this District, a substantial portion of the events giving rise to the claims asserted herein occurred in this District and Plaintiffs suffered harm in this District.

## FACTUAL BACKGROUND

### Plaintiffs' Common Law Trademark "BERKSHIRE"

13. Berkshire Holdings, LLC is a closely held, family owned and operated real estate investment firm. Berkshire Holdings, LLC's management, rental and sales division operates under Berkshire Properties, Inc.

14. Plaintiffs have come to be recognized as an established and reputable real estate business in Southern New Jersey, Philadelphia, PA, and the surrounding areas (hereafter the "Region").

15. Plaintiffs focus on the purchase, sale, and leasing of residential and commercial real estate (collectively the "Real Estate Services").

16. Since at least as early as 2002, Berkshire Properties, Inc. has been using the "BERKSHIRE" mark in connection with the Real Estate Services.

17. Since at least as early as 2004, Berkshire Holdings, LLC has been using the "BERKSHIRE" mark in connection with the Real Estate Services.

18. Plaintiffs currently own and/or manage at least the following real estate holdings:

   a. 80,000 square feet of office space comprised of multiple units

   b. 15,000 square feet of retail space comprised of multiple units

   c. 22,000 square feet of warehouse space

   d. 57 residential apartment units

   e. 5 rental homes at Rowan University

5065.3

19. Plaintiffs' real estate holdings are primarily in the Region.

20. Plaintiffs built their reputation around being a local; family owned and operated company with expertise in the real estate industry.

21. Plaintiffs have largely focused on creating a local, community-oriented brand where customers deal directly with the company owners rather than a large institution with layers of management.

### Building Goodwill and Brand Recognition in the "BERKSHIRE" Mark

22. From inception, Plaintiffs focused on building goodwill and brand recognition of the "BERKSHIRE" mark. As part of the branding strategy, Plaintiffs consistently feature the "BERKSHIRE" mark as the banner under which all of its businesses and services operate, including Plaintiffs' website and marketing campaigns and materials.

23. Plaintiffs strategically market, advertise and promote their Real Estate Services under the "BERKSHIRE" mark in the Region using word of mouth, social media, advertising in publications, and unsolicited press coverage in such publications as the *South Jersey Biz Magazine* (http://digital.southjersey.com/index.cfm?fa=viewIssue&magid=4&issueid=474&startpage=51) and www.nj.com (http://www.nj.com/gloucester-county/index.ssf/2012/03/gloucester_county_company_berk.html).

24. Plaintiffs promote their Real Estate Services by partnering with social networking sites like Facebook (https://www.facebook.com/berkprops/) and LinkedIn (https://www.linkedin.com/company/berkshire-properties-inc.).

25. Plaintiffs also launched their own website (http://www.berkprops.com/) through which it showcases its real estate properties and services.

5

5065.3

**Defendants' Usurp Plaintiffs' "BERKSHIRE" Mark**

26. Upon information and belief, Prudential Fox & Roach was headquartered in Philadelphia and was the largest realtor in the Pennsylvania, New Jersey and Delaware area.

27. Upon information and belief, Prudential Fox & Roach, Realtors, and its subsidiary, The Trident Group, were acquired by HomeServices of America Inc., an affiliate of Berkshire Hathaway, Inc. in July 2013.  As a result of the acquisition, the "Prudential" name transitioned into the Berkshire Hathaway HomeServices franchise brand and is now formally called Berkshire Hathaway HomeServices Fox & Roach.

28. Upon information and belief, Berkshire Hathaway HomeServices Fox & Roach, Realtors have 4,000 sales associates in more than 60 sales offices across the Pennsylvania, New Jersey and Delaware area.

29. Upon information and belief, beginning in 2012, Defendant HomeServices of America, Inc. filed five trademark applications with the U.S. Patent and Trademark Office to register variations of the term "BERKSHIRE" in connection with real estate brokerage services (hereafter the "Related Services").  Those applications and/or registrations together with any common law usage of the mark "BERKSHIRE" by Defendants are collectively hereafter to as the "BERKSHIRE HATHAWAY" Marks, solely for the purpose of making a distinction in this Complaint between Plaintiffs use of "BERKSHIRE" and Defendants use of "BERKSHIRE."

30. Upon information and belief, Defendants did not use marks leading with the term "BERKSHIRE" in connection with the Related Services until 2013.

31. Plaintiffs have not authorized Defendants to distribute, provide, promote, advertise, offer for sale or sell the Related Services that bear the term "BERKSHIRE" or marks that resemble Plaintiffs' "BERKSHIRE" mark.

5065.3

32. Defendants' use of a mark that is identical or substantially similar to Plaintiffs' "BERKSHIRE" mark to identify their Related Services is likely to cause confusion, mistake and deception among the public as to the origin of the Related Services and the Real Estate Services.

33. Actual confusion has already occurred. For example, the following incidents of actual confusion occurred during the past year (2014 to 2015):

   a. South Jersey Biz Issue #10 (October 2015) confusing Berkshire with Berkshire Hathaway Home Services multiple times (see **Exhibit A**);

   b. On multiple occasions, Berkshire's tenants have been confused as to an affiliation between the two entities by addressing envelopes containing rent payments meant for Berkshire Properties, Inc. with "BHHS Fox & Roach" (see **Exhibit B**);

   c. A confused prospective Berkshire tenant believed Berkshire Properties, Inc. was part of Berkshire Hathaway Home Services;

   d. A Berkshire tenant left a voicemail refusing to make payment believing Berkshire Properties, Inc. was a "multi-billion dollar company," clearly confused that Berkshire Properties, Inc. was, or was associated, affiliated, or sponsored by Berkshire Hathaway;

   e. A confused electrical contractor and potential consumer addressed an invoice meant for Berkshire Properties to Berkshire Hathaway Realtors – believing the two companies were the same or intrinsically related (see **Exhibit C**); and

   f. A confused Berkshire tenant made out a rent check to Berkshire Hathaway Properties, although the landlord is in fact Berkshire Properties, Inc. (see **Exhibit D**).

5065.3

34. Defendants' use of marks that are identical or substantially similar to Plaintiffs' "BERKSHIRE" mark on or in connection with the promotion, distribution, provision, and offer for the Related Services is causing immediate and continuing irreparable harm to Plaintiffs and will continue to do so unless restrained by this Court.

## COUNT ONE

### FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### (15 U.S.C. §1125(a))

35. Plaintiffs hereby repeat and reallege the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

36. This cause of action for unfair competition arises under §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

37. The Related Services distributed, promoted, provided, sold and offered for sale by Defendants under the "BERKSHIRE HATHAWAY" Marks since a date *subsequent* to Plaintiffs' first use, are closely related and complementary to Plaintiffs' Real Estate Services distributed, promoted, provided, offered for sale and sold under Plaintiffs' "BERKSHIRE" brand.

38. By misappropriating and using marks that are identical and/or highly similar to Plaintiffs' "BERKSHIRE" marks, Defendants have misrepresented and falsely described to the public the origin and source of the Related Services and have created a likelihood of confusion among the public and the ultimate consumers as to both source and sponsorship of the Related Services.

39. Defendants' unlawful and unauthorized distribution, promotion, offer for sale and sale of the Related Services creates express and implied misrepresentations that the Related

Services were authorized, approved of and/or sponsored by Plaintiffs, all to Defendants' profit and Plaintiffs' great damage and injury.

40. Defendants' use of the "BERKSHIRE HATHAWAY" Marks in connection with the Related Services constitutes a false designation of origin and unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Upon information and belief, Defendants will continue to make such false designations of origin, representations and descriptions in advertisements for and in connection with the provision of the Related Services in commerce unless restrained by this Court.

42. As a direct and proximate result of Defendants' infringement of Plaintiffs' "BERKSHIRE" marks, Plaintiffs have been damaged. Plaintiffs are thus entitled to the recovery of damages, multiple damages, reasonable attorney's fees, prejudgment interest and costs pursuant to 15 U.S.C. § 1117(a) and (b).

43. Plaintiffs have no adequate remedy at law, and if Defendants' activities are not enjoined, Plaintiffs will suffer immediate and continuing irreparable harm and injury to its business and to its reputation, and to the goodwill associated with its "BERKSHIRE" marks.

## COUNT TWO

### REVERSE UNREGISTERED TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1125(a))

44. Plaintiffs repeat and reallege the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

45. Defendants' use of marks nearly identical to Plaintiffs' "BERKSHIRE" mark, without the consent of Plaintiffs, will likely cause confusion among ordinary consumers as to the source the of Plaintiffs' Real Estate Services.

5065.3

46. Because of the tremendous size and reach of Defendants, its misappropriation of the "BERKSHIRE" mark will destroy the valuable brand equity that Plaintiffs have built into their mark in relatively short order, harm the value of Plaintiffs' trademark, dilute its product identity, and prevent it from controlling its reputation and goodwill with the public.

47. Defendants' actions are likely to cause the public to conclude incorrectly that Plaintiff's Real Estate Services come from Defendants, which will damage both Plaintiffs and the public.

48. Defendants' unauthorized use of marks that closely resemble the mark "BERKSHIRE" in interstate commerce as described above, and sound identical to it, constitutes reverse trademark confusion and is likely to cause consumer confusion, mistake or deception.

49. Defendants' marketing and sale of their Related Services using the "BERKSHIRE HATHAWAY" Marks infringes Plaintiffs' common law trademark "BERKSHIRE" in violation of 15 U.S.C. § 1125(a).

50. As a direct and proximate result of Defendants' reverse trademark infringement, Plaintiffs have suffered and will continue to suffer loss of income, profits and goodwill and Defendants have and will continue to unfairly acquire income profits and goodwill.

51. As a direct and proximate result of Defendants' infringement of Plaintiffs' "BERKSHIRE" marks, Plaintiffs have been damaged. Plaintiffs are thus entitled to recovery of damages, multiple damages, reasonable attorney's fees, prejudgment interest and costs pursuant to 15 U.S.C. § 1117(a) and (b).

52. Plaintiffs have no adequate remedy at law. If Defendants acts of reverse trademark confusion are not enjoined, Plaintiffs will suffer immediate and continuing irreparable harm and injury to their reputation and goodwill associated with their "BERKSHIRE" marks.

5065.3

## COUNT THREE

**TRADEMARK INFRINGMENT UNDER NEW JERSEY COMMON LAW**
**(N.J.S.A. § 56:3-13.13)**

53. Plaintiffs repeat and reallege the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

54. Plaintiffs' "BERKSHIRE" marks have been used by Plaintiffs in connection with the Real Estate Services since at least as early as 2002.

55. Plaintiffs have built up valuable goodwill in their "BERKSHIRE" marks through their continuous use and promotion of the "BERKSHIRE" marks.

56. Defendants' activities constitute Defendants' use in commerce of Plaintiffs' "BERKSHIRE" marks.

57. Defendants use of marks identical and/or highly similar to Plaintiffs' "BERKSHIRE" marks in connection with Defendants' sale, offers of sale, distribution, promotion and advertisements of Defendants' Related Services is likely to cause confusion, mistake and deception to the public as to the affiliation, connection or association of Defendants with Plaintiffs, and as to the origin, sponsorship or approval of Defendants' Related Services by Plaintiffs.

58. Defendants activities tend to and do falsely create the impression that Plaintiffs are not the true owners of the rights to the "BERKSHIRE" marks and that Plaintiffs are in fact the infringers.

59. By Defendants unauthorized acts, Defendants are directly infringing on Plaintiffs' common law rights in their "BERKSHIRE" marks in violation of New Jersey common law, to the damage of Plaintiffs and the unjust enrichment of Defendants.

60. Upon information and belief, Defendants' conduct is willful and intentional because Defendants have infringed and continue to infringe Plaintiffs' common law "BERKSHIRE" marks with knowledge that Plaintiffs are the owner and senior user of the "BERKSHIRE" marks.

61. As a direct and proximate result thereof, Plaintiffs suffered and continue to suffer damages.

62. Plaintiffs have no adequate remedy at law, and if Defendants' activities are not enjoined, such activities will continue to cause irreparable harm and injury to the goodwill symbolized by Plaintiffs' "BERKSHIRE" marks.

## COUNT FOUR

### UNFAIR COMPETITION IN VIOLATION OF NEW JERSEY LAW
### (N.J.S.A. § 56:4-1)

63. Plaintiffs repeat and reallege the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

64. Defendants have appropriated marks that are identical and/or highly similar to Plaintiffs' "BERKSHIRE" marks by using such marks in connection with their advertising, promotion, distribution, sales and offers of sale of Defendants' Related Services.

65. By offering analogous and/or similar services to Plaintiffs' Real Estate Services, Defendants' appropriation of marks that are identical and/or highly similar to Plaintiffs' "BERKSHIRE" marks and Defendants' ubiquitous presences have inevitably resulted in Defendants being recognized as the source of the "BERKSHIRE" marks for Real Estate Services in the Region.

5065.3

66. Defendants have used a combination of elements in their "BERKSHIRE HATHAWAY" Marks that are likely to cause mistake or deceive people as to Defendants' affiliation, connection or association with Plaintiffs' in violation of N.J.S.A. 56:4-1.

67. As a direct and proximate cause of Defendants' acts and conduct, Plaintiffs have been, and will continue to be, damaged. Defendants have been put on notice but have not cooperated with ceasing to appropriate Plaintiffs' "BERKSHIRE" Marks in connection with its Related Services.

68. Defendants have unfairly profited as a result and unless such conduct is enjoined, Plaintiffs' reputation and goodwill will continue to suffer irreparable injury.

## COUNT FIVE

### COMMON LAW UNFAIR COMPETITION

69. Plaintiffs repeat and reallege each of the foregoing paragraphs of this Complaint as if fully set forth herein.

70. The aforementioned acts of Defendants constitute unfair competition and unfair business practices contrary to the common laws of the United States and the State of New Jersey.

71. The aforesaid infringement by Defendants was committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiffs' rights.

72. The aforesaid infringement by Defendants has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Plaintiffs.

73. Plaintiffs have no adequate remedy at law.

## COUNT SIX

**DECEPTION IN VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT**
**(N.J.S.A. § 56:8-2)**

74. Plaintiffs repeat and reallege the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

75. Defendants' unauthorized use of marks identical and/or similar to Plaintiffs' "BERKSHIRE" marks in advertising constitutes deceptive trade practices in violation of the New Jersey Consumer Fraud Act.

76. Upon information and belief, the aforesaid infringement by Defendants was committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiffs' rights.

77. The aforesaid infringement by Defendants has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Plaintiffs.

78. Plaintiffs have no adequate remedy at law.

## COUNT SEVEN

**UNJUST ENRICHMENT**

79. Plaintiffs repeat and reallege each of the foregoing paragraphs of this Complaint as if fully set forth herein.

80. Upon information and belief, as a result of the confusion, mistake and/or deception caused among consumers by Defendants' unauthorized use of the marks that closely resemble the "BERKSHIRE" marks, Defendants have profited from their Related Services under Plaintiffs' "BERKSHIRE" marks.

81. Upon information and belief, Defendants have been unjustly enriched by unfairly profiting from its misappropriation of the "BERKSHIRE" marks.

82. Plaintiffs have been damaged by Defendants' unjust enrichment.

5065.3

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for the following relief:

1. That Defendants, its parents, subsidiaries, officers, agents, employees, and all persons acting for, with, by, through or under them be enjoined and restrained, preliminarily during the pendency of this action and, thereafter, permanently, in the Region:

    a. From using in any manner, the mark "BERKSHIRE", or any other mark which contains the term "BERKSHIRE" as to be likely to cause confusion, reverse confusion, deception or mistake, on or in connection with the distribution, advertising, promotion, provision, offering for sale or sale of any product or service (i) not emanating from Plaintiffs or (ii) not authorized by Plaintiffs to be offered or sold in connection with marks containing the term "BERKSHIRE";

    b. From passing off, inducing or enabling others to sell or pass off any goods or services as and for goods or services produced by Plaintiffs, which are not in fact Plaintiffs' goods or services, or not produced under the control and supervision of Plaintiffs and approved by Plaintiffs for sale under Plaintiffs' "BERKSHIRE" marks;

    c. From committing any acts calculated to cause consumers to believe that (1) Defendants' goods and services are sold under the control or supervision of Plaintiffs, or sponsored or approved by, connected with, guaranteed by, or produced under the control and supervision of Plaintiffs, or (2) that Plaintiffs' goods and services are sold under the control or supervision of Defendants, or sponsored or approved by, connected with, guaranteed by, or produced under the control and supervision of Defendants;

    d. From further infringing Plaintiffs' "BERKSHIRE" marks and damaging Plaintiffs' reputation and its goodwill in its "BERKSHIRE" marks; and

5065.3

   e. From otherwise competing unfairly with Plaintiffs in any manner.

2. A declaration that Defendants' use of designations "BERKSHIRE," "BERKSHIRE HATHAWAY HOMESERVICES" and "BHHS BERKSHIRE HATHAWAY HOMESERVICES," and all of its "BERKSHIRE HATHAWAY" mark for the Related Services in the Southern New Jersey and Philadelphia, PA areas constitutes unfair competition under the Lanham Act, reverse unregistered trademark infringement, deception and unjust enrichment;

3. That Defendants account for and pay over to Plaintiffs any profits realized by Defendants by reason of Defendants' unlawful and willful acts as alleged herein;

4. That Plaintiffs be awarded actual damages in an amount to be proven at trial and punitive damages in an amount to be proven at trial;

5. That the amount of damages awarded to Plaintiffs be increased by a sum not exceeding three times the amount thereof as provided by law;

6. That Plaintiffs be awarded interest, including pre-judgment interest, on all damages sums;

7. That Plaintiffs be awarded damages in such an amount as is reasonable for Plaintiffs to conduct marketing and advertising activities necessary to at least in part repair the damage done to its "BERKSHIRE" mark and brand by the actions of Defendants;

8. That Plaintiffs be awarded its costs and reasonable attorney's fees and have such other and further relief as the Court may deem equitable, including, but not limited to, any relief set forth under 15 U.S.C. §§ 1116-1118; and

9. That Plaintiffs have such other and further relief as the Court deems just and proper.

5065.3

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule 38(b), Plaintiffs Berkshire Properties, Inc. and Berkshire Holdings, LLC hereby demand a jury trial on all issues so triable that are raised by this Complaint.

                                                                Respectfully submitted,

                                                                By:   s/Robert A. McKinley
                                                                      Robert A. McKinley, Esq.
                                                                      LAULETTA BIRNBAUM, LLC
                                                                      591 Mantua Boulevard, Suite 200
                                                                      Sewell, NJ 08080
                                                                      Tel: (856) 669-2573
                                                                      Facsimile: (856) 232-1601
                                                                      Email: rmckinley@lauletta.com

                                                                  *Attorney for Plaintiffs Berkshire Properties, Inc. and Berkshire Holdings, LLC*

Dated:  January 14, 2016

5065.3